CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/20/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **GREGORY SCOTT ELLINGER** : | |
| : | |
| **Plaintiff,** : | **COMPLAINT** |
| : | |
| v. : | |
| : | **Civil Action No.** 6:22cv00019 |
| **DEPUTY SHERIFF ERIN NAPIER and** : | |
| **SHERIFF E.W. VIAR, JR.** : | |
| : | |
| **Defendants.** : | |
| : | |

## JURISDICTION

1. The jurisdiction of this Court is predicated on 28 U.S.C. § 1331 and 28 U.S.C. §1343(a)(3) and (4) against Defendant Napier and on 28 U.S.C. § 1332 against Defendant Viar.

2. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state claims that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

3. Plaintiff, Gregory Scott Ellinger is a citizen of the United States and a resident of the State of Virginia.

4. Defendant Napier was, at all times relevant to this action, a deputy sheriff of the County of Amherst, Virginia, and acting under color of state law.

5. Defendant Viar was, at all time relevant to this action, the constitutionally elected Sheriff of Amherst County, Virginia and the employer and supervisor of Deputy Napier.

## FACTS

6. On August 7, 2020, Mr. Ellinger was traveling on the highway in Amherst County when he

was stopped by Defendant Napier for having a broken tail light.

7. After approximately 10 minutes, Mr. Ellinger was ordered out of the car and his person was searched.

8. Thereafter Defendant Napier, with other unknown officers, began a search of the vehicle. In that search, she uncovered an "antique gun."

9. According to her Incident Report, Mr. Ellinger stated that "he forgot that it was in there and that it doesn't work. . . . he takes the pistol with him while he's bear hunting for protection."

10. In fact, Mr. Ellinger repeatedly stated that he was unaware of the presence of the gun. He never stated that he used it bear hunting.

11. Mr. Ellinger was arrested for possession of a weapon by a convicted nonviolent felon within 10 years of the conviction,

12. The prosecutor relied on the information provided by Defendant Napier in prosecuting Mr. Ellinger and Plaintiff was found guilty.

13. The trial judge who heard the case without a jury, relied heavily on the so-called admission of Mr. Ellinger that he was aware of the presence of the gun.

14. Thereafter, Mr. Ellinger retained new counsel who obtained the video from Deputy Napier's body worn camera.

15. The information on that video directly contradicted the report and testimony of Defendant Napier, in that it shows Mr. Ellinger repeatedly asserting that he was unaware of the presence of the gun and that he could not go bear hunting until the prohibition on his possessing a gun expired.

16. Mr. Ellinger's new counsel brought the video to the attention of the circuit court, which vacated the conviction and entered a dismissal.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Due Process Civil Rights Violation (Federal Claim - Defendant Napier)

17. Mr. Ellinger repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. As a direct and proximate result of the actions of Defendant Deputy Napier, putting false information in her report and withholding exculpatory information as set forth above, Mr. Ellinger was denied due process of law.

19. As a direct and proximate result of the actions of Defendant Napier, Mr. Ellinger suffered damages in the form of legal fees to overturn his conviction and emotional distress.

### SECOND CAUSE OF ACTION
### Gross Negligence  (State Claim - Defendants Napier and Viar)

20. Mr. Ellinger repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

21. The conduct of Defendant Napier as set forth herein constituted gross negligence;

22. As the constitutionally elected sheriff, Defendant Viar is also liable for said compensatory damages caused by Deputy Napier.

### REQUEST FOR RELIEF

**WHEREFORE**, Mr. Ellinger seeks against the Defendants severally and jointly, where appropriate, the following relief:

    A.    Compensatory damages;

    B.    Reasonable attorneys fees and costs against Defendant Napier pursuant to 42 U.S.C. § 1988; and,

    C.    Such other and further relief as appears reasonable and just.

## JURY TRIAL

Plaintiff, Gregory Ellinger hereby demands trial by jury.

                                                          Respectfully submitted,
                                                          GREGORY SCOTT ELLINGER
                                                          By Counsel

s/_____
Jeffrey E. Fogel, VSB #76345
Attorney at Law
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 (Tel)
434-220-4852 (Fax)
E-mail: Jeff.Fogel@gmail.com

Counsel for Mr. Ellinger